OPINION
On September 17, 1996, Minerva Drake-Lassie filed a complaint asserting that she was entitled to recover uninsured-underinsured motorist benefits from her insurance carrier State Farm Insurance Company ("State Farm"). Ms. Drake-Lassie had been injured in November of 1994 when a co-worker at Dayton Rogers of Ohio, Inc., operated a forklift in such a way as to injure her.
State Farm argued at first that the forklift was not a motor vehicle for purposes of uninsured-underinsured motorist coverage and that State Farm was not obligated to pay benefits as a result. The trial judge accepted State Farm's argument and granted summary judgment. A panel of this court disagreed and reversed the granting of summary judgment inMinerva Drake-Lassie v. State Farm (Sept. 17, 1998), Franklin App. No. 98AP-40, unreported.
After the case was remanded to the trial court, State Farm sought summary judgment on a new theory. The trial court allowed the filing of a second summary judgment motion and granted a second summary judgment on behalf of State Farm.
Minerva Drake-Lassie has once again appealed, assigning three errors for our consideration:
ASSIGNMENT OF ERROR NO. 1:
 UNINSURED MOTORIST COVERAGE, AS DEFINED BY THE SUPREME COURT, IN SAVOIE, AND SUBSEQUENT CASES, CANNOT BE ABROGATED BY CONTRACT, AND WAS IN FORCE FOR THE PLAINTIFF REGARDLESS OF WHETHER SENATE BILL 20 STATUTORY LANGUAGE APPLIES. UNINSURED CLAIMS MUST BE PAID WHEN THE INDIVIDUAL COVERED BY AN UNINSURED POLICY SUFFERS DAMAGES THAT EXCEED THOSE MONIES AVAILABLE TO BE PAID BY THE TORTFEASOR[']S LIABILITY CARRIERS.
ASSIGMENT OF ERROR NO. 2:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO FOLLOW THE LAW OF THE CASE, CONSIDERING A MOTION FOR SUMMARY JUDGMENT THAT SHOULD HAVE BEEN LITIGATED DURING THE FIRST LOWER COURT PROCEEDING, AND RESOLVED BY THE FIRST APPEAL.
ASSIGNMENT OF ERROR NO. 3:
 THE TRIAL COURT MISAPPLIED THE ROSS DECISION TOTHE FACTS OF THIS CASE, IMPOSING A LEGAL STANDARD IN VIOLATION OF THE INSURED'S RIGHTS.
After the first grant of summary judgment, the Supreme Court of Ohio decided Ross v. Farmers Ins. Group of Cos. (1998), 82 Ohio St.3d 281. The syllabus for the Ross case reads:
 For the purpose of determining the scope of coverage of an underinsured motorist claim, the statutory law in effect at the time of entering into a contract for automobile liability insurance controls the rights and duties of the contracting parties.
In the Ross case, the Supreme Court of Ohio had a choice among the date of the contract of insurance, the date of the accident resulting in injury, and the date of the exhaustion of other insurance coverage as the key date to use as the reference point in determining when a claim for relief for underinsured motorist coverage accrued so as to determine the law applicable to the claim. As indicated in the syllabus, the Supreme Court of Ohio chose the date of the contract of insurance. This choice avoided the application of statutes enacted by the Ohio General Assembly to overturn the Supreme Court of Ohio's earlier decision of Savoie v.Grange Mut. Ins. Co. (1993), 67 Ohio St.3d 500, which had increased the availability of uninsured and underinsured motorist coverage in the context of wrongful death cases.
In the situation involving Ms. Drake-Lassie, the legislature made a different modification of the Ohio Revised Code, one that worked to increase the availability of uninsured motorist's coverage. The legislature enacted S.B. No. 20 which became effective in October of 1994. S.B. No. 20 became effective between the effective date of Ms. Drake-Lassie's contract of insurance with State Farm and the date of her injury. R.C. 3937.18, as construed by earlier Ohio Supreme Court decisions, had held that an insurance company was not liable to its policyholders on an uninsured-underinsured claim when the person responsible for injuring the policyholder had liability insurance but was immune from liability based upon a statutory grant of immunity. SeeState Farm Mut. Ins. Co. v. Webb (1990), 54 Ohio St.3d 61. S.B. No. 20 modified the statute so uninsured motorists coverage applied in such situations and a person who was injured by an immune driver could at least recover from their uninsured motorist coverage.
Thus on the date Ms. Drake-Lassie bought her policy of insurance, she could not recover under the uninsured motorist coverage of the policy for injuries she sustained from an immune operation of a motor vehicle. However, by the date she was actually injured by a person who has been found to be an operator of a motor vehicle — an operator who is immune from liability by operation of the workers' compensation laws — she could recover under the express wording of her policy.
The issue then becomes whether State Farm and other insurance companies who wrote policies prior to enactment of S.B. No. 20 are entitled to the benefit of the law as it existed at the time the policies were written. We can find no legal basis under recent case law from the Supreme Court of Ohio for treating one party to a contract of insurance (the insurance company) differently from the other party to the contract of insurance (the policyholder), even though the equities of the situation might dictate different treatment for the injured policyholder than for the insurance company.
Counsel for appellant argues that S.B. No. 20 did not change the law of Ohio because the Supreme Court of Ohio had earlier granted uninsured/underinsured motorists coverage in co-worker situations through the syllabus of Savoie, supra. Specifically, counsel cites to paragraph three of the syllabus, which reads:
 An underinsurance claim must be paid when the individual covered by an uninsured/underinsured policy suffers damages that exceed those monies available to be paid by the tortfeasor's liability carriers. (Hill v. Allstate Ins. Co. [1990], 50 Ohio St.3d 243, 553, N.E.2d 658, overruled.)
We do not view the Savoie case as addressing the effect of statutory immunities upon the availability of uninsured and underinsured motorists coverage. Hence, we view S.B. No. 20 as having made a change in the law regarding such coverage.
The first and third assignments of error are overruled.
The second assignment of error addresses the application of legal doctrines such as res judicata and law of the case to the present situation. As noted above, this is the second appeal in this case. In the first appeal, we sustained the first and second assignments of error, which read:
ASSIGNMENT OF ERROR NO 1:
 THE TRIAL COURT ERRED IN DENYING SUMMARY JUDGMENT TO PLAINTIFF WHERE THE ESTABLISHED OHIO CASE LAW HOLDS A FORKLIFT QUALIFIES AS A MOTOR VEHICLE AS DEFINED BY OHIO REVISED CODE 4501.01 (B), AND THEREFORE PLAINTIFF IS ENTITLED TO UNINSURED MOTORIST BENEFITS FOR INJURIES CAUSED BY THE NEGLIGENCE OF AN UNINSURED OPERATOR OF THIS FORKLIFT MOTOR VEHICLE.
ASSIGNMENT OF ERROR NO. 2:
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANT STATE FARM INSURANCE, THERE AT MINIMUM BEING A QUESTION OF FACT FOR A JURY WHETHER A FORKLIFT IS A MOTOR VEHICLE AS DEFINED BY OHIO REVISED CODE 4501.01 (B), THEREBY ENTITLING PLAINTIFF TO UNINSURED MOTORIST BENEFITS UNDER THE PROVISIONS OF HER CONTRACT OF INSURANCE WITH STATE FARM INSURANCE.
Thus, a panel of this appellate court clearly found that the trial court erred in failing to grant summary judgment for Minerva Drake-Lassie. Since the only issue addressed by the trial court was whether or not State Farm was liable under the policy of insurance based upon a determination of whether or not a forklift was a motor vehicle, the ruling of this appellate court was a finding that summary judgment should have been granted for Ms. Drake-Lassie. Our mandate was for the trial court to correct its error when it failed to grant summary judgment for Ms. Drake-Lassie on the issue of liability.
Under the circumstances, the trial court following our mandate should have granted summary judgment for Ms. Drake-Lassie on the declaratory judgment part of her lawsuit and proceeded to conduct a hearing on damages.
We believe that counsel had an opportunity to raise the issues contained in Ross, supra, for consideration both in the trial court and before this court on direct appeal. The Ross case was filed in the Supreme Court of Ohio in early 1997. The Ross case was argued before the Supreme Court of Ohio at about the same time that the record on Ms. Drake-Lassie's case was forwarded on the first appeal and before any briefs were filed on that direct appeal. The Supreme Court of Ohio had decided the Ross case before oral argument on the first appeal. No appeal to the Supreme Court of Ohio was made following the decision on the first appeal of Ms. Drake-Lassie's case being issued, despite our finding that the trial court erred in failing to grant summary judgment for Ms. Drake-Lassie. The issue decided in Ross was known before, during and after the first appeal.
As a practical matter, all grounds for granting summary judgment should be litigated in a single motion rather than risk serial grants of summary judgment based upon new theories and serial appeals based upon newly argued theories.
We do not mean to imply that either counsel was less than expert or diligent in the litigation of this lawsuit. Both counsel have acquitted themselves professionally and well. However, the issue presented to the trial court in the second summary judgment motion was available for review as a part of a single motion for summary judgment and should have been presented in the original motion. Because the narrow scope of the original motion resulted in a ruling by the appellate court that summary judgment should have been granted to Ms. Drake-Lassie, further issues and litigation regarding liability are precluded.
We, therefore, sustain the second assignment of error. As a result, we vacate the judgment of the trial court and enter judgment for Ms. Drake-Lassie on the issue of liability of State Farm on uninsured motorist coverage for the injuries she sustained in November of 1994. We remand the case for further proceedings on the issue of a determination of the amount of damages to which she is entitled.
 _________________ TYACK, J.
PETREE, J., BOWMAN, P.J., concur.